KEITH M. KIUCHI #2735
KEITH M. KIUCHI, ALC
American Savings Bank Tower,
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
Telephone: (808) 533-2230
Facsimile: (808) 533-4391

Attorneys for Plaintiffs

Electronically Filed
FIRST CIRCUIT
1CCV-22-0001447
15-NOV-2022
06:05 PM
Dkt. 1 CMPS

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MICHAEL MILLER, JR.; EUGENE SIMEONA, JR.; and PJY ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH M. KANESHIRO, individually and in his capacity as former Prosecuting Attorney of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>Defendants. | CIVIL NO. _____<br>(Other Civil Action)<br><br>COMPLAINT and SUMMONS |

## COMPLAINT

**COMES NOW**, Plaintiffs MICHAEL MILLER, JR.; EUGENE SIMEONA, JR.; and

PJY ENTERPRISES, LLC a Hawaii limited liability company, by and through their attorney,

KEITH M. KIUCHI, and for Complaint against the above-named Defendants, hereby alleges and

avers as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawaiʻi. Dated at: Honolulu, Hawaiʻi 07-DEC-2022. /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawaiʻi



**EXHIBIT A**

1.     Plaintiff EUGENE SIMEONA, JR. ("Simeona"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.  Plaintiff Simeona was the owner and principal of GS Entertainment, Inc., a Hawaii corporation, that has since been involuntarily dissolved.

2.     Plaintiff MICHAEL MILLER, JR. ("Miller"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.  Plaintiff Miller was the owner and principal of Mike, Inc., a Hawaii corporation, that has since been involuntarily dissolved.

3.     Plaintiff PJY ENTERPRISES, LLC (hereafter referred to as "Plaintiff"), is at all times relevant herein, a Hawaii limited liability company whose principal place of business is in the City and County of Honolulu, State of Hawaii.

4.     Defendant KEITH M. KANESHIRO was the Prosecuting Attorney of the City and County of Honolulu ("Prosecutor KANESHIRO") during the relevant time period here, which was from Sept. 26, 2012 through December 20, 2021, and is named here in his official capacity as the former Prosecuting Attorney of the City and County of Honolulu.  Prosecutor KANESHIRO was the head of the Department of the Prosecuting Attorney, which is part of the executive branch of the City and County of Honolulu.

5.     Defendant HONOLULU POLICE DEPARTMENT is part of the executive branch of the City and County of Honolulu.

6.     Defendant CITY AND COUNTY OF HONOLULU ("CITY") is a body politic and corporate of the State of Hawaii and is a political subdivision of the State of Hawaii.  Prosecutor KANESHIRO is an officer of the executive branch of the City.`

2

7. Except as specifically otherwise alleged, at all times relevant to this Complaint, the above-named individual Defendants and the Doe Defendants were acting within the course and scope of their employment with the City and County of Honolulu.

8. After completing a diligent investigation, Plaintiff is unable to ascertain what other persons or entities, if any, in addition to the above-named defendants, may be liable to Plaintiff. Therefore, the true names, identities or capacities of Defendants John Does 1-10, Jane Does 1-10, Doe Governmental Entities 1-10 and their involvement herein are unknown to Plaintiff, who therefore names said defendants by such fictitious names. Plaintiff will seek leave of court to amend its pleadings to set forth the true names and capacities of such fictitiously named defendants when the same become known to Plaintiff. Plaintiff is informed and believes and alleges thereon that each of the defendants designated herein may be liable in some way to Plaintiff.

9. All matters set forth in this Complaint arose in the City and County of Honolulu, State of Hawai'i.

10. PJY Enterprises, LLC is a Hawaii limited liability company ("PJY"). PJY was administratively terminated by the Dept. of Commerce and Consumer Affairs on June 1, 2018, and has since refiled Articles of Organization in the State of Hawaii. At all times relevant herein, PJY was the distributor, in the State of Hawaii, of Products Direct® Sweepstakes terminals ("PDS terminals").

11. On December 13, 2012, Prosecutor KANESHIRO, in cooperation with the Defendant Honolulu Police Department (HPD), directed and conducted a seizure of fifty-nine (59) PDS terminals located in the game arcades operated by entities owned by Plaintiffs Simeona and Miller. Those entities owned by Plaintiffs Simeona and Miller have since been involuntarily

3

dissolved by the Dept. of Commerce and Consumer Affairs and hence this action is brought by them individually as the owners of those dissolved entities. In addition to the 59 PDS terminals, Defendant Honolulu Police Department also seized $16,308.78 in U.S. currency from five separate arcades.

12.     On February 14, 2013, Prosecutor KANESHIRO, in cooperation with the Defendant Honolulu Police Department (HPD), directed and conducted a seizure of twenty-two (22) PDS terminals located in the game arcades operated by entities owned by Plaintiffs Simeona and Miller. Those entities owned by Plaintiffs Simeona and Miller have since been involuntarily dissolved by the Dept. of Commerce and Consumer Affairs and hence this action is brought by them individually as the owners of those dissolved entities. In addition to the 22 PDS terminals, Defendant Honolulu Police Department also seized $8,571.00 in U.S. currency from five separate arcades.

13.     All 81 PDS terminals were held by the Honolulu Police Department. At no time did any of the Defendants initiate any civil forfeiture proceedings under Chapter 712A of the Hawaii Revised Statutes.

14.     As set forth below, Plaintiffs Simeona and Miller, along with Tracy Yoshimura, the owner of Plaintiff PJY, were all indicted on felony charges that were ultimately dismissed, and while they had access to information on the property which was seized as evidence, at no time did any governmental agency initiate any forfeiture proceedings required under Chapter 712A of the Hawaii Revised Statutes.

15.     After the February 14, 2013 seizure, there were several other seizures of PDS terminals. All of these subsequent seizures were of terminals whose ownership was transferred to Plaintiff PJY Enterprises, LLC. These seizures are itemized as follows:

4

A.      An April 29, 2014 seizure of eight (8) PDS terminals at 99-115 Aiea Heights Drive, Aiea, HI.  This seizure was conducted by the Honolulu Police Department in cooperation with Defendant Kaneshiro.

B.      An Sept. 12, 2013 seizure of seven (7) PDS terminals at 1750 Kalakaua Ave., #204C, Honolulu, HI.  This seizure was conducted by the Dept. of the Prosecuting Attorney under the direction of Defendant Kaneshiro.

C.      An August 14, 2013 seizure of twelve (12) PDS terminals at 3212 Waialae Ave. #A5, Honolulu, HI.  This seizure was conducted by the Dept. of the Prosecuting Attorney under the direction of Defendant Kaneshiro.

D.      An October 15, 2013 seizure of five (5) PDS terminals at 3012 Waialae Ave., Honolulu, HI.  This seizure was conducted by Defendant State of Hawaii Dept. of the Attorney General in cooperation with Defendant Kaneshiro.

E.      An October 31, 2013 seizure of fourteen (14) PDS terminals at 1717 N. King St., Honolulu, HI.  This seizure was conducted by the Honolulu Police Department in cooperation with Defendant Kaneshiro.

F.      There were subsequent seizures of PDS terminals from locations at 815-B Keeamoku St., Honolulu, HI; 111 N. King St., Honolulu, HI; and 1810 N. King St., Honolulu, HI.  All of these seizures with unknown dates were conducted by the Honolulu Police Department in cooperation with the Dept. of the Prosecuting Attorney under the direction of Defendant Kaneshiro.  The number of PDS terminals seized from these locations is presently not known to Plaintiffs, but on information and belief, all seized PDS terminals were taken to the warehouse of Defendant Honolulu Police Department for "safekeeping".

5

16.     On May 1, 2014 Plaintiffs Simeona, Miller, Tracy Yoshimura and several others were indicted by the Oahu Grand Jury in Cr. No. 14-1-0717 for several offenses including gambling related to the 81 PDS terminals that were seized, with said indictment being obtained by the Prosecuting Attorney's Office of the City and County of Honolulu. When the 81 PDS terminals were seized there were labels on all of the PDS terminals that stated that the PDS terminals were seized as evidence. On October 9, 2014, the Prosecuting Attorney's Office of the City and County of Honolulu filed an Ex Parte Motion to Nolle Prosequi the Indictment Without Prejudice. The 2014 Indictment did refer to locations set forth in Paragraph 15 above.

17.     On January 28, 2016, Plaintiffs Simeona, Miller, Tracy Yoshimura and several others were re-indicted by the Oahu Grand Jury in Cr. No. 16-1-0145 for several offenses including gambling related to the 81 PDS terminals that were seized, with said indictment being obtained by the Prosecuting Attorney's Office of the City and County of Honolulu. While the offenses that they were indicted for different from the May 1, 2014 indictment, the dates of the charges were the same and they also related to the 81 PDS terminals. The 2016 Indictment did refer to locations set forth in Paragraph 15 above.

18.     The 2016 Indictment was dismissed against all criminal defendants by the Honorable Judge Rom Trader of the First Circuit Court pursuant to Tracy Yoshimura's Motion to Dismiss Indictment for Violation of Rule 48 of the Hawaii Rules of Penal Procedure by an Order filed on October 27, 2016, after a hearing on that motion was held on August 9, 2016. Judge Trader cited the prosecutorial misconduct which occurred during the handling of the criminal case, as his grounds for dismissing the case with prejudice.

19.     After the Order dismissing the 2016 Indictment was filed on October 27, 2016, Plaintiff Miller went to the Honolulu Police Department warehouse which held the 81 PDS

6

terminals and sought the return of those 81 PDS terminals and any other PDS terminals that had

been seized and was in the custody of the Honolulu Police Department. Plaintiff Miller was told

that the PDS terminals would be released only upon approval of Defendant Kaneshiro.

Defendant Kaneshiro refused to release any PDS terminals to Plaintiff Miller. The PDS

terminals that were not released to Plaintiff Miller remained in the custody of Defendant

Honolulu Police Department.

20.     On or about November 3, 2014, Plaintiff PJY challenged the seizure of 77 PDS

terminals that were seized by Defendant Honolulu Police Department in September, 2012, by

filing a claim to these seven (77) PDS terminals and a request for judicial review of

administrative forfeiture.

21.     In response to PJY's request for judicial review of the forfeiture, on December 19,

2014, the prosecutor's office began judicial forfeiture proceedings by filing a verified petition for

forfeiture in the circuit court pursuant to HRS § 712A-9. PJY filed a motion to dismiss the

verified petition for foreclosure which the prosecutor's office opposed.

22.     The Circuit Court of the First Circuit, the Honorable Randal K. O. Lee presiding,

granted PJY's motion to dismiss the verified petition for foreclosure and granted in part PJY's

alternative motion for summary judgment. The Circuit Court dismissed the verified petition

because the prosecutor's office failed to comply with the time limitations under HRS § 712A-17

and HRS § 701-108 (2). The Circuit Court also granted summary judgment in part after

concluding that there was no genuine issue of material fact as to the prosecutor's office's

violation of this time limitation under HRS § 701-108 (2) and that PJY was entitled to a

judgment as a matter of law. A final judgment was entered in favor of PJY on October 8, 2015

(JEFS Dkt. 28). The State filed a notice of appeal on November 2, 2015 (JEFS Dkt. 30).

23.     After the appeal was filed, on December 7, 2015, the prosecutor's office filed a Motion to Stay Return of the 77 PDS terminals (JEFS Dkt. 39-44). The Circuit Court granted this motion by an order filed on April 12, 2016 (JEFS Dkt. 49). As a result of the motion being granted, the 77 PDS terminals were in the custody of Defendant Honolulu Police Department from the date they were seized on September 27, 2012, through at least July 15, 2022.

24.     By virtue of an Opinion of the Hawaii Supreme Court issued on December 20, 2021 in SCWC-15-0000848, and the subsequent Judgment on Appeal, the 77 PDS terminals were to be returned to Plaintiff in good condition.

25.     All of the PDS terminals involved in this action were identical to the terminals involved in the above-mentioned legal challenges, and were all seized under the same pretext and circumstances. Therefore, since Defendants were aware of the pending legal challenges, they were or should have been aware that their actions to dispose of the terminals involved in this matter, were premature and without legal merit.

26.     On July 15, 2022, Plaintiff PJY and its counsel examined the 77 PDS terminals. On that date the 77 PDS terminals were stored in a warehouse located at 815A Waiakamilo Rd., Honolulu, HI. Out of the 77 PDS terminals, only 15 PDS terminals were useable. The remainder of the PDS terminals, which numbered 62, were damaged beyond repair while in the care, custody and control of Defendant Honolulu Police Department. The 62 PDS terminals were damaged by the negligence of employees of the Honolulu Police Department, some of which may be Doe Defendants. On July 15, 2022 Plaintiffs were informed for the first time, during said inspection, that the other PDS terminals that had been seized, including the 81 PDS terminals belonging to Plaintiffs Simeona and Miller, and the 46 other PDS terminals and any other terminals seized as described in Paragraph 15 above, had been destroyed. Plaintiffs had:

(a) never been informed that the aforesaid PDS terminals had been destroyed, and (b) never been given the opportunity to make a claim for the PDS terminals that were destroyed.

### COUNT I – Negligence in Damages to Plaintiff's Property

27.     The allegations contained in paragraphs 1 through 26 herein are realleged and incorporated herein by reference.

28.     Defendant HONOLULU POLICE DEPARTMENT and/or the Doe Defendants owed a duty to Plaintiff to exercise reasonable care to safeguard Plaintiffs' property while the same was in the care, custody and control of Defendant HONOLULU POLICE DEPARTMENT and were negligent in exercising this reasonable care.

29.     Defendant HONOLULU POLICE DEPARTMENT and/or the Doe Defendants breached their duty to exercise reasonable care.

30.     Defendant KANESHIRO and the Department of the Prosecuting Attorney of the City and County of Honolulu are also liable for exercising reasonable care to safeguard Plaintiff's property because they prevented the release of the 81 PDS terminals to Plaintiff Miller.

31.     Defendant HONOLULU POLICE DEPARTMENT is a department of Defendant CITY AND COUNTY OF HONOLULU, and Defendant KANESHIRO was an employee of Defendant CITY AND COUNTY OF HONOLULU and an executive of Defendant CITY AND COUNTY OF HONOLULU at all times relevant herein.

32.     As a direct and/or proximate result of the acts and/or omissions of Defendant HONOLULU POLICE DEPARTMENT, Prosecutor KANESHIRO, and the Doe Defendants, the 81 PDS terminals belonging to Plaintiffs Simeona and Miller were destroyed and those Plaintiffs have a claim for the value of the 62 PDS terminals. As a direct and/or proximate result of the

acts and/or omissions of Defendant HONOLULU POLICE DEPARTMENT, Prosecutor KANESHIRO, and the Doe Defendants, the 46 PDS terminals and other PDS terminals described in Paragraph 15 belonging to Plaintiff PJY were destroyed and Plaintiff PJY has a claim for the value of the 46 PDS terminals.

## COUNT II – Bailment

33.    The allegations contained in paragraphs 1 through 32 herein are realleged and incorporated herein by reference.

34.    By taking custody of the 81 PDS terminals after they were seized on or about December 13, 2012 and February 14, 2013; and the 46 PDS terminals seized on the various dates set forth in Paragraph 15, Defendant HONOLULU POLICE DEPARTMENT and the Doe Defendants accepted custody of these 127 PDS terminals, creating a bailment obligating Defendant HONOLULU POLICE DEPARTMENT and the Doe Defendants to properly store, transport and secure said 127 PDS terminals vehicle and return the same to Plaintiff in the same condition, as when it had seized the 127 PDS terminals on the dates set forth above.

35.    Defendant HONOLULU POLICE DEPARTMENT and the Doe Defendants, as bailee, failed to fulfill its bailment obligations to Plaintiff when they failed to properly and adequately store, transport and secure said 127 PDS terminals.  Upon information and belief, the 127 PDS terminals were initially stored at another warehouse located on Kalani St.  As a direct and proximate result of the Defendant HONOLULU POLICE DEPARTMENT and the Doe Defendants failing to fulfill their duties and obligations in bailment, Plaintiffs were damaged in an amount to be proven at the trial in this matter.

36.    Defendant City and County of Honolulu is liable to Plaintiff for damages resulting from the bailment to Defendant HONOLULU POLICE DEPARTMENT by virtue of the fact

10

that Defendant HONOLULU POLICE DEPARTMENT is a department of Defendant City and County of Honolulu.

## COUNT III – Violation of Plaintiffs' Constitutional Rights

37.     The allegations contained in paragraphs 1 through 36 herein are realleged and incorporated herein by reference.

38.     The 81 PDS terminals after they were seized on or about December 13, 2012 and February 14, 2013; and the 46 PDS terminals seized on the various dates set forth in Paragraph 15, were property that belonged to Plaintiffs.  Plaintiffs have a right, under both the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the State Constitution, to be free from unreasonable searches and seizures.  The retention of these PDS terminals, without any notice to Plaintiffs violates their right to be free from unreasonable seizures.  Plaintiffs also have a right, under both the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the State Constitution, to due process of law before they are deprived of the right to or use of personal property.  The actions of Defendant Honolulu Police Department and Defendant Kaneshiro, in failing to adhere to the civil forfeiture statutes, Chapter 712A of the Hawaii Revised Statutes, or even notify Plaintiffs that their personal property would be destroyed, violates Plaintiffs right to be free from unreasonable seizures and their due process rights.

39.     As a result of the breach of Plaintiffs' constitutional rights by Defendant Honolulu Police Department, Defendant Kaneshiro and the Doe Defendants, Plaintiffs have incurred damages to be proven at the trial in this matter.

40.     Defendant City and County of Honolulu is liable to Plaintiff for damages resulting from the actions, pursuant to statute, of Defendant Honolulu Police Department by virtue of the

11

fact that Defendant Honolulu Police Department is a department of Defendant City and County of Honolulu.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, as follows:

A.     An award for damages in an amount to be proven at the trial in this matter.

B.     An award of attorneys' fees and costs incurred herein.

C.     Such other and further relief as this Court deems just and appropriate.

DATED:  Honolulu, Hawaii, November 13, 2022.

/s/ Keith M. Kiuchi

KEITH M. KIUCHI
Attorney for Plaintiffs

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                                          VS.<br>MICHAEL MILLER, JR.; EUGENE SIMEONA, JR.; and PJY ENTERPRISES, LLC, | DEFENDANT(S)<br>KEITH M. KANESHIRO, individually and in his capacity as former Prosecuting Attorney of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10; |
|---|---|

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

KEITH M. KIUCHI, ALC
KEITH M. KIUCHI #2735
1001 BISHOP STREET, SUITE 985
HONOLULU, HI 96813
TEL. NO. 808 533-2230

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

KEITH M. KIUCHI, ESQ. 1001 BISHOP STREET, SUITE 985, HONOLULU, HI 96813                                              ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.