IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MILLER, JR.; EUGENE SIMEONA, JR.; PJY ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH M. KANESHIRO, *INDIVIDUALLY AND IN HIS CAPACITY AS FORMER PROSECUTTING ATTORNEY OF THE CITY OF COUNTY OF HONOLULU*; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | CIV. NO. 23-00129 LEK-WRP<br><br><br><br>FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS AGAINST DEFENDANT KEITH M. KANESHIRO WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS
AGAINST DEFENDANT KEITH M. KANESHIRO WITHOUT PREJUDICE

Plaintiffs Michael Miller, Jr., Eugene Simeona, Jr., and PJY Enterprises, LLC (Plaintiffs) filed their Complaint in state court against Defendants Keith M. Kaneshiro, Honolulu Police Department (HPD), and the City and County of Honolulu (City) (collectively, "Defendants") on November 15, 2022.  See Complaint, ECF No. 1-1.  Defendant City was served on February 17, 2023 and removed this case to federal court on March 9, 2023.  See Notice of Removal, ECF No. 1 at 1-2.  Therefore, Plaintiffs' deadline to serve Defendants Kaneshiro and

HPD was June 7, 2023.  See Connolly v. TriWest Healthcare All. Corp., 2019 WL 5386457, at *4 (D. Haw. Oct. 21, 2019) ("Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days after the notice of removal to serve the defendant, unless the plaintiff demonstrates good cause.").

On June 8, 2023, after noting that federal summonses had not been issued for Defendants Kaneshiro and HPD, the Court directed Plaintiffs to file a status report detailing the efforts taken to serve these remaining Defendants.  See Minute Order, ECF No. 7; see also Jeong Hae Lee v. Winix, Inc., 2006 WL 8434724, at *2 (C.D. Cal. July 24, 2006) (explaining that where a case has been removed and a defendant has not yet been served with the complaint prior to removal, a federal summons must be issued for service of that defendant).  In response to the Court's Minute Order, Plaintiffs' Status Report stated that Plaintiffs would obtain federal summonses to serve the remaining Defendants.  See Status Report, ECF No. 10.  Plaintiffs also stated that serving Defendant Kaneshiro has "proven difficult, as Mr. Kaneshiro's listed address is on Waialae Ave., but the process server who previously attempt [sic] to serve Mr. Kaneshiro has not found Mr. Kaneshiro at this address."  See ECF No. 10.

When no proof of service was filed for either Defendant Kaneshiro or Defendant HPD, on August 17, 2023, the Court ordered Plaintiffs to show good cause by August 24, 2023 why all claims against Defendants Kaneshiro and HPD

2

should not be dismissed for failure to prosecute under Federal Rules of Civil Procedure (FRCP) Rules 41(b) and 4(m) (Order to Show Cause).  See Minute Order dated August 17, 2023.  On August 24, 2023, Plaintiffs filed their response to the Order to Show Cause (Response), which stated that Plaintiffs served Defendant HPD on August 23, 2023.  See Response, ECF No. 16.  Regarding Defendant Kaneshiro, however, Plaintiffs stated that, on August 23, 2023, they made an unsuccessful attempt at serving Defendant Kaneshiro at his Waialae Avenue address, and, again, explained that serving Defendant Kaneshiro has "proven difficult, as Mr. Kaneshiro's listed address is on Waialae Ave., but the process server who previously attempt [sic] to serve Mr. Kaneshiro has not found Mr. Kaneshiro at this address."  Compare Response, ECF No. 16 with Status Report, ECF No. 10 (where Plaintiffs appear to copy and paste their statement indicating that they have not been able to locate Defendant Kaneshiro at the Waialae Avenue address).  The Response also stated that Plaintiffs' last attempt to serve Defendant Kaneshiro, prior to their August 23, 2023 attempt, was on March 8, 2023 at the Waialae Avenue address.  See Response, ECF No. 16 ¶ 3.

       Under FRCP Rule 4(m), a plaintiff must serve a defendant within 90 days after the complaint is filed.  See Connolly, 2019 WL 5386457, at *4; Fed. R. Civ. P. 4(m) (applying Rule 4(m) to removed actions and stating that a plaintiff has 90 days after the notice of removal is filed to serve the defendant).  If a defendant

is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  See Fed. R. Civ. P. 4(m).  Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has discretion under Rule 4(m) to dismiss without prejudice the claims against that defendant.  See In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001).

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Court FINDS that Plaintiffs have failed to show good cause and that the above factors weigh in favor of dismissal here notwithstanding the policy favoring disposition of cases on their merits.  It is noteworthy that Plaintiffs did not make any attempts to serve Defendant Kaneshiro from March 8, 2023 to August 23, 2023 despite the Court's request for a Status Report on June 8, 2023 detailing the efforts taken to serve these remaining Defendants.  Further, it appears from

4

Plaintiffs' Status Report that they understood back in March 2022, or at least by June 2022, that they would not find Defendant Kaneshiro at the Waialae address, yet they made no request to serve him by alternative means.  Additionally, Plaintiffs did not request an extension of their deadline to serve Defendant Kaneshiro in their August 24, 2023 Response despite their deadline to serve Defendant Kaneshiro having closed on June 7, 2023.  Plaintiffs' Response simply recounts for the Court that Plaintiffs have not attempted service of Defendant Kaneshiro since March 8, 2023, except that on the day before their response to the Order to Show Cause was due, they attempted to serve Defendant Kaneshiro at the same Waialae address where they have not been able to locate Defendant.  Consequently, the Court FINDS AND RECOMMENDS that all claims against Defendant Kaneshiro be dismissed without prejudice. [1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

## CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS all claims against Defendant Kaneshiro be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 1, 2023.



Wes Reber Porter
United States Magistrate Judge

**Miller v. Kaneshiro, et al.; CIVIL NO. 23-00129 LEK-WRP; FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS AGAINST DEFENDANT KEITH M. KANESHIRO WITHOUT PREJUDICE**